IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| SHANNAN LILLA, | Civ. No. 6:22-cv-01342-AA |
| Plaintiff, | **OPINION & ORDER** |
| v. | |
| FEDERAL GOV; FEDERAL CONSUMER BUROUGH; FCBP; RICHARD REED; GOOGLE; LUCAS ANDREW; AMPLATHEATRE PARK RD.; ECOMMERCE; T J HOFFSENTER; FACEBOOK-JOEL; PUBLISHERS-LUKAS/AMERIC; ANDI-STERN-MAGAZINES SCIENCE DATA; AMAZON; VANGUARD; VENTURA-ERIC; NWCU, | |
| Defendants. | |

AIKEN, District Judge.

*Pro Se* Plaintiff Shannan Lilla seeks leave to proceed *in forma pauperis* ("IFP") in this action. ECF No. 2. For the reasons set forth below, the Court DENIES Plaintiff's IFP petition with leave to refile and DISMISSES Plaintiff's Complaint, ECF No. 1, with leave to amend. Plaintiff shall have thirty (30) days from the date of this Order in which to file an amended IFP petition and an Amended Complaint.

## LEGAL STANDARD

Generally, all parties instituting any civil action in United States District Court must pay a statutory filing fee. 28 U.S.C. § 1914(a). However, the federal IFP statute, 28 U.S.C. § 1915(a)(1), provides indigent litigants an opportunity for meaningful access to federal courts despite their inability to pay the costs and fees associated with that access. To authorize a litigant to proceed IFP, a court must make two determinations. First, a court must determine whether the litigant is unable to pay the costs of commencing the action. 28 U.S.C. § 1915(a)(1). Second, it must assess whether the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915(e)(2)(B).

In regard to the second of these determinations, district courts have the power under 28 U.S.C. § 1915(e)(2)(B) to screen complaints even before service of the complaint on the defendants and must dismiss a complaint if it fails to state a claim. Courts apply the same standard under 28 U.S.C. § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive a motion to dismiss under the federal pleading standards, the complaint must include a short and plain statement of the claim and "contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged. The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. The court is not required to accept legal conclusions, unsupported by alleged facts, as true. *Id*.

*Pro se* pleadings are held to less stringent standards than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). That is, the court should construe pleadings by *pro se* plaintiffs liberally and afford the plaintiffs the benefit of any doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). Additionally, a *pro se* litigant is entitled to notice of the deficiencies in the complaint and the opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. *Id*.

## DISCUSSION

The Court has reviewed Plaintiff's IFP Petition and is unable to assess Plaintiff's claim of indigency. The Petition is covered with margin notes which are difficult to understand, but at least some of which appear to relate to Plaintiff's claims, rather than to the questions on the form. In the sections of the form where Plaintiff is asked to describe her income, Plaintiff has listed that she expects to receive millions of dollars within the next twelve months, but it appears that these answers assume that Plaintiff will prevail in this action. The Court understands Plaintiff's confusion, but the purpose of the IFP form is to assess a plaintiff's ability to pay the filing fee to start a lawsuit. Plaintiff's answers on the Petition make it impossible for the Court to understand Plaintiff's current financial situation. The

Court will therefore deny the IFP Petition with leave to refile. When filing a new form, Plaintiff should (1) only answer the questions the form asks, without additional information, and (2) answer, briefly and to the best of her ability, what resources Plaintiff has available so that the Court can understand if Plaintiff can afford to pay the filing fee.

Turning to the substance of the Complaint, the Court has reviewed both the Complaint, ECF No. 1, and the Exhibits to the Complaint, ECF No. 9, and the Court is unable to understand the nature of Plaintiff's claims. Plaintiff's Civil Cover Sheet indicates that she intended to bring claims ranging from marine product liability, to stockholder's suit, to trademark, copyright, and patent claims. The Complaint is difficult to understand, but it does not appear to include these claims, nor does it explain who most of the named Defendants are or how they have harmed Plaintiff. In general, Plaintiff appears to allege violation of her privacy rights and possibly some kind of fraud, but it is impossible to determine more with the present Complaint. The Court will therefore dismiss the Complaint with leave to amend.

In drafting the Amended Complaint, Plaintiff should bear in mind that the Court does not know anything about her situation other than what she chooses to include in her filing. Plaintiff should carefully and briefly explain what has happened, how she has been harmed, and why she thinks each of the named Defendants should be held liable for her injury. The Court does not require much detail at this stage of the case, but Plaintiff's statement of her claims should be

clear enough that the Court and the Defendants can understand those basic facts. Plaintiff will have thirty (30) days in which to file her Amended Complaint.

## CONCLUSION

For the reasons set forth above, the IFP Petition, ECF No. 2, is DENIED with leave to amend and the Complaint, ECF No. 1, is DISMISSED with leave to amend. Plaintiff shall have thirty (30) days in which to file an amended IFP petition and an amended complaint. Plaintiff is advised that failure to timely file an amended complaint will result in entry of a judgment of dismissal without further notice.

It is so ORDERED and DATED this ___3rd___ day of March 2023.

/s/Ann Aiken
ANN AIKEN
United States District Judge