IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

 

| | |
|---|---|
| SHANNAN LILLA, | Civ. No. 6:22-cv-01342-AA |
|            Plaintiff, | **OPINION & ORDER** |
| v. | |
| FEDERAL GOV., *et al*. | |
|            Defendants. | |

_____

AIKEN, District Judge

      Pro Se Plaintiff Shannan Lilla sought leave to proceed in forma pauperis ("IFP") in this action. ECF No. 2. Court denied Plaintiff's IFP petition with leave to refile and dismissed Plaintiff's Complaint, ECF No. 1, with leave to amend. Plaintiff filed what the Court construes an amended complaint and IFP petition. ECF No. 12. For the reasons explained, Plaintiff's Amended Complaint and IFP petition, ECF No. 12, is DENIED. This case is DISMISSED. Judgment shall be entered accordingly.

## LEGAL STANDARD

      Generally, all parties instituting any civil action in United States District Court must pay a statutory filing fee. 28 U.S.C. § 1914(a). However, the federal IFP statute, 28 U.S.C. § 1915(a)(1), provides indigent litigants an opportunity for meaningful access to federal courts despite their inability to pay the costs and fees associated with that access. To authorize a litigant to proceed IFP, a court must make

two determinations. First, a court must determine whether the litigant is unable to pay the costs of commencing the action. 28 U.S.C. § 1915(a)(1). Second, it must assess whether the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915(e)(2)(B). In regard to the second of these determinations, district courts have the power under 28 U.S.C. § 1915(e)(2)(B) to screen complaints even before service of the complaint on the defendants and must dismiss a complaint if it fails to state a claim. Courts apply the same standard under 28 U.S.C. § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive a motion to dismiss under the federal pleading standards, the complaint must include a short and plain statement of the claim and "contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* The court is not required to accept legal conclusions, unsupported by alleged facts, as true. *Id.* Pro se pleadings are held to less stringent standards than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). That is, the court should construe pleadings by pro se plaintiffs liberally and afford the plaintiffs the benefit of any doubt. *Karim-Panahi v.*

*Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). Additionally, a pro se litigant is entitled to notice of the deficiencies in the complaint and the opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. *Id.*

## DISCUSSION

The Court has reviewed the what it construes as both an amended complaint and petition to proceed IFP. ECF No. 12. As stated in the Court's Opinion and Order dismissing with leave to amend the initial Complaint, the Court remains "unable to understand the nature of Plaintiff's claims." See Order, ECF No. 10 (denying IFP Petition and dismissing Complaint). Initially, Plaintiff's Civil Cover Sheet indicates that she intended to bring claims ranging from marine product liability, to stockholder's suit, to trademark, copyright, and patent claims. Now, the amended allegations include that Plaintiff feels robbed from life and that a secret society was involved in stealing her inheritance. ECF No. 12 at 2. Plaintiff also states that she is not suing anyone, but that she is simply hurt and emotional, because she has been abused all her life, lived on food stamps, and has struggled with interpersonal relationships.

The Court acknowledges the difficult challenges Plaintiff has faced. A legal claim, however, is not apparent, and it is the Court's duty to resolve matters of law. Plaintiff has not explained how any of the named Defendants have violated a law. Plaintiff does not help the Court understand how any named Defendant is involved or how any unlawful conduct harmed Plaintiff.

The Court has once dismissed Plaintiff's Complaint with leave to amend. In doing so, the Court instructed Plaintiff that, when drafting the Amended Complaint, Plaintiff should bear in mind that the Court does not know anything about her situation other than what she chooses to include in her filing. Here, Plaintiff's allegations do not include "a short and plain statement of the claim" or "contain sufficient factual matter" necessary to survive a motion to dismiss under the federal pleading standards. *Iqbal*, 556 U.S. at 678.

## CONCLUSION

Plaintiff's Amended Complaint and IFP petition, ECF No. 12, is DENIED. This case is DISMISSED. Judgment shall be entered accordingly.

It is so ORDERED and DATED this ___23rd___ day of August 2023.

        /s/Ann Aiken
        ANN AIKEN
        United States District Judge